IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LAWRENCE STEVEN BRANTLEY, JR., | § § § | |
| *Plaintiff,* | § § § | |
| vs. | § § § | |
| DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES (DFPS), OFFICIAL CAPACITY; DINA SCHIEVELBEIN, (DFPS) SUPERVISOR III (CPS), INDIVIDUAL CAPACITY; WALLACE TARVER, ATTORNEY, INDIVIDUAL CAPACITY; DELIA LONGORIA, CPS SPECIALIST, INDIVIDUAL CAPACITY; ANGELICA JIMENEZ, JUDGE, 408TH CIVIL DISTRICT COURT, BEXAR COUNTY, INDIVIDUAL CAPACITY; ALYSSA MILLER, CHILD PROTECTIVE SERVICES, SPECIALIST, INDIVIDUAL CAPACITY; VALERIA DIAZ, CHILD PROTECTIVE SERVICES, SUPERVISOR, INDIVIDUAL CAPACITY; AND ERICA BRYANT, ATTORNEY FOR DEFENDANT (DFPS), INDIVIDUAL CAPACITY, | § § § § § § § § § § § § § § § § § § § § § | SA-23-CV-00680-FB |
| *Defendants.* | § § | |

**REPORT AND RECOMMENDATION AND ORDER
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

Before the Court in the above-styled cause of action is Plaintiff's Motion to Proceed *In Forma Pauperis* [#1] and proposed Civil Complaint [#1-1].  This case was automatically referred to the undersigned upon filing, and the undersigned has authority to enter this order and report and recommendation pursuant to 28 U.S.C. § 636(b)(1).  By his motion, Plaintiff seeks leave to proceed *in forma pauperis* ("IFP") based on his inability to afford court fees and costs.  Having

1

considered the motion and documentation provided by Plaintiff, the undersigned will grant the motion but recommend the District Court dismiss this case as time-barred.

## I.  Motion to Proceed IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as an administrative fee.[1]  *See* 28 U.S.C. § 1914(a).  Plaintiff's motion to proceed IFP includes his income and asset information, which indicates that Plaintiff is unemployed and currently unhoused.  Plaintiff has no source of income and no assets.  The Court finds that Plaintiff does not have sufficient monthly resources available to pay the filing fee, and the Court will grant his motion to proceed IFP.

## II.  Review Under Section 1915(e)

Pursuant to the Court's October 8, 2019 Standing Order, the undersigned has also reviewed Plaintiff's proposed Complaint under the standards set forth in Section 1915(e) and finds that all of Plaintiff's federal claims are time-barred.  For the reasons that follow, the undersigned therefore recommends that the District Court dismiss Plaintiff's federal claims as untimely and decline to exercise supplemental jurisdiction over the remaining state-court claim.

Pursuant to 28 U.S.C. § 1915(e), this Court may screen any civil complaint filed by a party proceeding *in forma pauperis* to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  This Court

---

[1] The administrative fee, which is currently $50, is waived for plaintiffs who are granted IFP status.  *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

also has an ongoing obligation to evaluate its subject matter jurisdiction. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

This case concerns the termination of Plaintiff's parental rights through proceedings in Bexar County District Court. Plaintiff's proposed Complaint names eight Defendants—the Department of Family and Protective Services ("DFPS"), several DFPS employees, the attorney for DFPS in the proceedings, Plaintiff's former attorney, and the presiding Bexar County judge. Plaintiff alleges DFPS case workers concealed evidence and perjured themselves under oath during the proceedings, and his former attorney failed to bring certain evidence to the attention of the court during the proceedings and gave him poor legal advice. But primarily, Plaintiff argues the final judgment terminating his parental rights is void.

The basis of this argument is a provision in the Texas Family Code, Section 263.402, which states that "the parties to a suit under this chapter may not extend the deadlines set by the court under this subchapter by agreement or otherwise." The subchapter at issue addresses final orders in suits affecting the parent-child relationship filed by DFPS. Section 263.401 dictates that such cases are automatically dismissed without a court order if a trial on the merits has not been commenced by the first Monday after the first anniversary of the date the court rendered a temporary order appointing DFPS as temporary managing conservator over the minor children at issue. Tex. Fam. Code § 263.401(a). There are, however, various exceptions to this deadline, such as where "extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship," and it is in the "best interest of the child." *Id.* § 263.401(b). If the court makes those findings, makes further orders for the safety and the welfare of the child, schedules a date for trial, and sets a new date for dismissal if trial has not been commenced, the court may retain the case on the docket for a period not to exceed an additional 180 days. *Id.*

It appears that Plaintiff is arguing that the parties reached an agreement of some kind during the proceedings, and pursuant to that agreement the presiding judge extended the deadline for the final trial on the merits past the original one-year deadline.  Plaintiff argues the presiding judge violated Section 263.402 by doing so, and therefore the state court lacked jurisdiction over the case, so the final judgment terminating his parental rights is void.

The causes of action Plaintiff advances based on these factual allegations are constitutional claims under the First, Fifth, and Fourteenth Amendments brought pursuant to 42 U.S.C. § 1983.  Plaintiff's Complaint states that Defendants violated his right to due process and equal protection, as well as his First Amendment right to freedom of "intimate association."  These claims appear to be brought against all Defendants.  Additionally, Plaintiff brings a state-law claim Plaintiff against his former attorney for breach of fiduciary duty.  Plaintiff asks the Court to void the state-court judgment, restore his parental rights, and return his three children to his care and custody.  Plaintiff also seeks over $10 million in compensatory damages for his mental anguish and emotional distress.

The undersigned has jurisdictional concerns regarding this case, which challenges a state-court final judgment in a family-law dispute.  The *Rooker-Feldman* doctrine bars an individual from filing a civil rights suit in federal court to collaterally attack a state civil judgment.  *See Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)).  The *Rooker-Feldman* doctrine establishes that a federal court lacks subject matter jurisdiction when issues in federal court are "inextricably intertwined" with a final state court judgment.  *Davis v. Bayless*, 70 F.3d 367, 375 (5th Cir. 1995).  However, the fact that a state custody order is ultimately issued does not bar federal court jurisdiction in all instances.  The Fifth Circuit has

repeatedly recognized that the *Rooker-Feldman* doctrine is "narrow" and only applies when "the plaintiff seeks the review and rejection of a state court judgment." *Saloom v. Tex. Dep't of Family & Child Protective Servs.*, 578 Fed. App'x 426, 428–29 (5th Cir. 2014). Therefore, there are some circumstances in which a federal lawsuit would not be barred under *Rooker-Feldman*, such as, for example, where the challenging party alleges that the state-court judgment is void for lack of jurisdiction. *Mosley v. Bowie County, Tex.*, 275 Fed. App'x 327, at *2 (5th Cir. 2008). This is one aspect of the collateral attack brought by Plaintiff here. However even if *Rooker-Feldman* does not bar Plaintiff's suit, there are other defects in Plaintiff's pleadings barring this Court's consideration of his claims.

Plaintiff's suit is brought pursuant to Section 1983. Lawsuits brought under Section 1983 borrow their statute of limitations from the limitations period governing personal injury actions in the state in which the lawsuit is filed. *See Redburn v. City of Victoria*, 898 F.3d 486, 496 (5th Cir. 2018). In Texas, the applicable limitations period is two years. *Id.* (citing Tex. Civ. Prac. & Rem. Code § 16.003(a)). The limitations period begins to run when the plaintiff "becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Id.* (quoting *Piotrowski v. City of Houston*, 51 F.3d 512, 516 n.10 (5th Cir. 1995)).

Plaintiff's proposed Complaint provides the Court with a recitation of the events underlying his suit, all of which occurred between September 2019 and June 2020. According to Plaintiff's proposed Complaint, the Bexar County court terminated his parental rights in 2020, more than two years ago. There is no basis for Plaintiff to argue here that he did not know of his injury until some later date, as the complained-of injury occurred at the moment his parental rights were terminated. Therefore, all of Plaintiff's federal claims arising under Section 1983 are time-barred under the governing two-year statute of limitations.

The only other claim raised in Plaintiff's proposed Complaint is the tort of breach of fiduciary duty against Plaintiff's former attorney. This cause of action is governed by a four-year statute of limitations and is therefore timely. *See* Tex. Civ. Prac. & Rem. Code § 16.004(5). However, even assuming Plaintiff has a plausible tort claim against his attorney, the Court should decline to exercise supplemental jurisdiction over this state-law claim. *See* 28 U.S.C. § 1367(c). The Supreme Court has held that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

In summary, the undersigned has reviewed Plaintiff's pleadings, and Plaintiff has not pleaded any timely federal claims in this case. This does not mean Plaintiff might not have a remedy to challenge the final judgment in state court. Plaintiff, however, cannot sue Defendants through a civil rights action in federal court based on acts occurring outside of the two-year statute of limitations for such claims. Accordingly, Plaintiff's case should be dismissed pursuant to Section 1915(e).

## II.  Order and Recommendation

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed *In Forma Pauperis* [#1] is **GRANTED**.

Additionally, having considered Plaintiff's proposed Complaint under the standards set forth in 28 U.S.C. §1915(e), the undersigned recommends that this case be **DISMISSED** pursuant to Section 1915(e) as time-barred and for lack of subject matter jurisdiction.

### III.  Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the clerk of the court, and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 27th day of June, 2023.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE